J-S03012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL ALAN WILKINS :
:
Appellant : No. 697 MDA 2025

Appeal from the PCRA Order Entered May 15, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003315-2013

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 3, 2026**

Appellant, Michael Alan Wilkins, appeals *pro se* from the May 15, 2025 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we affirm.

The facts and procedural history are largely immaterial to our disposition.  Briefly, on June 16, 2015, a jury convicted Appellant of three counts of first-degree murder and other related offenses.[1]  On July 16, 2015, the court sentenced Appellant to three consecutive sentences of life imprisonment.  On August 26, 2016, this Court affirmed Appellant's judgment

---

[1] The Commonwealth also charged Appellant's brother, Maurice Wilkins, with the same offenses.  On October 21, 2015, Mr. Wilkins entered a negotiated guilty plea to three counts of First-Degree Murder.  At Mr. Wilkins's guilty plea hearing he admitted that he committed the murders and that Appellant was his accomplice.  **See Commonwealth v. Wilkins**, 2020 WL 5641226 at *3 (Pa. Super. filed Sept. 22, 2020) (non-precedential decision).

of sentence. **Commonwealth v. Wilkins**, 156 A.3d 349 (Pa. Super. 2016) (non-precedential decision). Appellant did not file a timely petition for allowance of appeal, and, on February 2, 2017, our Supreme Court denied his request for permission to file a petition for allowance of appeal *nunc pro tunc*. Appellant's judgment of sentence, thus, became final on September 26, 2016.[2]

In April 2017, Appellant filed a timely petition pursuant to the PCRA. On June 5, 2019, Appellant's court-appointed counsel filed an amended PCRA petition claiming that Appellant's trial counsel had been ineffective for not calling as a witness Appellant's brother, who allegedly would have testified that Appellant was not involved in any of the crimes for which the jury had convicted Appellant. According to Appellant, the basis for this allegation was that at Appellant's brother's allocution in connection with his guilty plea to the same three homicides nearly four months after Appellant's conviction, his brother stated that Appellant had nothing to do with the crimes. On January 8, 2020, the PCRA court denied Appellant's petition as meritless, this Court affirmed and on February 2, 2021, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Wilkins**, 240 A.3d

_____

[2] **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review.").

952 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 240 A.3d 952 (Pa. 2021).

On February 27, 2024, Appellant *pro se* filed the instant PCRA petition, his second, in which he claimed that the Commonwealth had violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by withholding "documented evidence" that indicated that it had initially charged as a co-defendant a "key witness"—Carlos Vargas-Osario—against Appellant, which Appellant contends was a fact previously unknown to him. Petition, 2/27/24, at 3. He also claimed that Mr. Vargas-Osario "made a statement to [Berks County Jail] and requested to speak to a specific [d]etective, who[se] number was on a card in his wallet," and that the Commonwealth had not made Appellant aware of Mr. Vargas-Osario's cooperation with the Commonwealth. ***Id.***

Conceding that the petition was untimely and with respect to overcoming the PCRA's time-bar, Appellant asserted that his brother provided him with this information after filing his own PCRA petition by sending Appellant the documents he received. ***Id.*** at 3-4. Appellant attached to his petition a copy of a narrative report authored by Sergeant Jeffrey Douglass, and dated January 14, 2013, memorializing the statement the Mr. Vargas-Osario made to police in which he said he witnessed a man he identified as "Maurice," Appellant's brother, "shoot people." ***Id.*** at 11 (unpaginated). Appellant also attached an April 25, 2013 Berks County Jail "Screen Print Listing" indicating that Mr. Vargas-Osario and Appellant's brother were "co-defendants" in the murder trial, and a photocopy of a newspaper article

- 3 -

indicating that the Commonwealth did not charge the Mr. Vargas-Osario in the case, that the evidence clearly implicated Appellant and his brother, and that the cases were closed.  Appellant did not state in his petition when his brother learned of the information underlying Appellant's claim and Appellant did not state when he learned of this information from his brother.  Appellant also failed to explain why he could not have learned of this information earlier with the exercise of due diligence.

The PCRA court appointed counsel who filed a **Turner**/**Finley**[3] no-merit brief and a petition to withdraw as counsel, to which Appellant filed a response. Counsel then filed a supplement to his no-merit brief addressing the issues raised by Appellant in his response.

On January 14, 2025, the Commonwealth filed a court-ordered answer to Appellant's petition, in which the Commonwealth asserted that Appellant failed to satisfy any of the exceptions to the PCRA's time-bar because Appellant's claim that the Commonwealth had withheld from him the fact that it had charged Mr. Vargas-Osario as a co-defendant in Appellant's crimes is factually inaccurate and is belied by "a review of the public docket sheets," which "reveals no criminal charges filed against [Mr.] Vargas-Osario related to the instant murders" and the documents attached to the petition "do not constitute the proof necessary to satisfy [any] exception to the [PCRA's] jurisdictional time limitations." Answer, 1/14/25, at 5-6.  The Commonwealth

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

also stated that Mr. Vargas-Osario's cooperation with authorities prosecuting these homicides "was well-documented in the discovery that was turned over to trial counsel far in advance of trial," and attached as proof copies of discovery pages and a discovery letter showing receipt of these pages by trial counsel. *Id.* at 6. The Commonwealth, thus, contended that "this information is not a new fact—it is simply the same fact which has been known since before trial in a different form." *Id.*

Subsequently, Appellant filed several *pro se* requests related to the court's consideration of his petition and reasserting that the governmental interference and newly discovered facts exceptions to the PCRA's jurisdictional time-bar excuse his otherwise untimely second PCRA petition.

On April 21, 2025, the PCRA court notified Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, indicating that Appellant had failed to satisfy either the governmental interference or the newly discovered facts exception to the PCRA's jurisdictional time-bar because: (1) contrary to Appellant's representations, as a factual matter, the Commonwealth did not charge the witness, Mr. Vargas-Osario, as a co-defendant in the crimes underlying this appeal; and (2) the fact of Mr. Vargas-Osario's cooperation with police was not newly discovered evidence and had not been withheld by the Commonwealth because "the entirety of [his] cooperation with the police—including a written statement []—was provided in pretrial [d]iscovery[.]" Rule 907 Notice, 4/21/25, at 18-19. The court also found that Appellant did not explain why

- 5 -

he could not have discovered the information underlying his claim earlier with the exercise of due diligence.

Appellant filed a *pro se* response to the Rule 907 notice on May 7, 2025.[4]

On May 15, 2025, the PCRA court dismissed Appellant's petition as untimely. This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[5]

Appellant raises the following three issues on appeal:

1. Did the PCRA court err and abuse its discretion when it dismissed [Appellant's] subsequent PCRA petition where the court failed to properly follow the law regarding 42 Pa.C.S.[] § 9545(b), when the only thing [Appellant] had to demonstrate was whether he met the time[-]bar requirement to submit a subsequent PCRA petition?

2. Did the PCRA court err when it dismissed [Appellant's] subsequent PCRA petition on the ground that he had failed to meet [Sections] 9545(b)(1)(i) & (2) that government interference did occur?

3. Did the PCRA court err when it dismissed [Appellant's] subsequent PCRA petition when it allowed PCRA counsel to withdraw from the case, thus leaving [Appellant] to present an issue with merit under Section 9545(b)(1)(i) & (2), thus violating his fundamental fairness right to a proper counsel[l]ed PCRA when the lower court appointed counsel in the subsequent petition, thus acknowledging that there was merit to the time[-]bar requirement?[6]

---

[4] The PCRA court granted counsel's petition to withdraw on May 5, 2025.

[5] The PCRA court referred to its April 21, 2025 Rule 907 notice for the reasons in support of its conclusion that Appellant failed to plead and prove any exceptions to the PCRA's time-bar.

[6] Appellant has not included any argument in support of this third issue in his brief to this Court. We, thus, find that he has abandoned it.

Appellant's Br. at 4.

In his first two issues, Appellant challenges the trial court's determination that he failed to plead and prove the applicability of the governmental interference or newly discovered facts exceptions to the PCRA's time-bar. Before we address the merits of Appellant's claims, however, we consider whether Appellant has preserved them for our review.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than seven years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2). Appellant argues that his claims satisfy the governmental interference and newly discovered facts exceptions provided in Section 9545(b)(1)(i)-(ii). Appellant's Br. at 8-10.

The governmental interference exception invoked by Appellant requires the petitioner to prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i); *see also Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021) (explaining that to establish the government interference exception under Section 9545(b)(1)(i), "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence."). As the Supreme Court has explained, a *Brady* violation may constitute governmental interference; however, an appellant may not "begin with a discussion of the merits of a *Brady* claim; rather [he] must begin with a discussion of why the instant petition was timely filed." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Id.** at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. **Commonwealth v. Brensinger**, 218 A.3d 440, 449 (Pa. Super. 2019). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001).

With respect to his claim that he satisfied the governmental interference exception to the PCRA's time-bar, Appellant baldly asserts that "[t]he Commonwealth clearly interfered when they knowingly withheld this high [*sic*] impeaching evidence that was damaging to their only alleged key witness." Appellant's Br. at 9. He avers that he did not know of the existence of the evidence, the information was not public, and he does not have access to obtain such information on his own. **Id.** He further avers that he acted with

due diligence by filing the instant petition within one year of "receiving the exculpatory impeaching evidence." *Id.*

Appellant sets forth a similar argument in support of his claim that the court erred in finding that he did not satisfy the newly discovered facts exception. In particular, he contends that he filed the instant petition "immediately after receiving the documents form his brother in 2024, which are impeaching toward the only alleged key witness for the prosecution." *Id.* at 8. He also avers that he was unaware of this information during the trial process. *Id.*

Following our review, we agree with the PCRA court that Appellant failed to plead and prove the applicability of the governmental interference and newly discovered facts exceptions to the PCRA's time-bar because, as noted above, the "facts" discovered by Appellant were either not true or were previously known to Appellant and Appellant did not provide any information regarding when his brother learned of the information underlying Appellant's claim or when Appellant learned of this information from his brother. Moreover, Appellant offered only a perfunctory explanation as to why he could not have learned of this information earlier with the exercise of due diligence, which, in any case, is belied by the record which shows that the Commonwealth disclosed in pre-trial discovery the information regarding the witness's cooperation with the police. Because the record supports the PCRA court's findings and its order is otherwise free of legal error, we find that Appellant's claims fail to garner relief.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/03/2026